UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARINE ENVIRONMENTAL REMEDIATION GROUP LLC and MER GROUP PUERTO RICO LLC<br>    Plaintiffs,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA<br>    Defendants | Civil Case No.: 18-cv-1179 (PAD)<br><br>Re:  Insurance Claim |

## **ANSWER TO THE COMPLAINT WITH COUNTERCLAIM**

**TO THE HONORABLE COURT:**

Defendant, Travelers Property Casualty Company of America, through its undersigned attorneys, very respectfully, states and prays as follows:

1. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 1 in the Complaint.

2. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 2 of the Complaint.

3. Travelers admits the allegations in paragraph 3 of the Complaint.

4. Travelers admits the Court has Admiralty and Diversity of Citizenship jurisdiction.

5. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 5 of the Complaint.

6. Travelers admits the allegations contained in paragraph 6 of the Complaint.

7. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 7 of the Complaint.

8. Travelers admits the allegations contained in paragraph 8 of the Complaint.

9. Travelers admits only that it issued Marine Insurance Policy ZOH-81M6730A-16-ND effective 9/17/2016 to 9/17/2017 ("Policy") to Marine Environmental Remediation Group ("MERG"), but except as so expressly admitted, denies the allegations contained in paragraph 9 of the Complaint.

10. Travelers admits the LONE STAR was included on the Policy, but except as so admitted denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 10 of the Complaint.

11. Travelers denies knowledge and information sufficient to either admit or to deny the allegations contained in paragraph 11 of the Complaint.

12. Travelers admits the allegations contained in paragraph 12 of the Complaint.

13. Travelers admits only that it issued Marine Insurance Policy ZOH-81M6730A-16-ND effective 9/17/2016 to 9/17/2017 to MERG, but except as so expressly admitted, denies the allegations contained in paragraph 13 of the Complaint.

14. Travelers admits only that it issued Marine Insurance Policy ZOH-81M6730A-16-ND effective 9/17/2016 to 9/17/2017 to MERG, but except as so expressly admitted, denies the allegations contained in paragraph 14 of the Complaint.

15. Travelers admits to the allegations contained in paragraph 15 of the Complaint.

16. Travelers denies the allegations contained in paragraph 16 of the Complaint.

17. Travelers denies the allegations contained in paragraph 17 of the Complaint.

18. Travelers denies the allegations contained in paragraph 18 of the Complaint.

19. Travelers denies the allegations contained in paragraph 19 of the Complaint.

20. Travelers denies the allegations contained in paragraph 20 of the Complaint.

21. Travelers denies the allegations contained in paragraph 21 of the Complaint.

22. Travelers denies the allegations contained in paragraph 22 of the Complaint.

23. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 23 of the Complaint.

24. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 24 of the Complaint.

25. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 25 of the Complaint.

26. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 26 of the Complaint.

27. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 27 of the Complaint.

28. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 28 of the Complaint.

29. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 29 of the Complaint.

30. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 30 of the Complaint.

31. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 31 of the Complaint.

32. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 32 of the Complaint.

33. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 33 of the Complaint.

34. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 34 of the Complaint.

35. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 35 of the Complaint.

36. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 36 of the Complaint.

37. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 37 of the Complaint.

38. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 38 of the Complaint.

39. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 39 of the Complaint.

40. Travelers denies knowledge or information to either admit or to deny the allegations contained in paragraph 40 of the Complaint.

41. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 41 of the Complaint.

42. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 42 of the Complaint.

43. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 43 of the Complaint.

44. Travelers denies the allegations contained in paragraph 44 of the Complaint.

45. Travelers denies the allegations contained in paragraph 45 of the Complaint.

46. Travelers admits only that it investigated the claim submitted, but except as so admitted, denies the allegations contained in paragraph 46 of the Complaint.

47. Travelers admits only that it investigated the claim, but except as so admitted, denies the allegations contained in paragraph 47 of the Complaint.

48. Travelers denies the allegations contained in paragraph 48 of the Complaint.

49. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 49 of the Complaint.

50. Travelers admits that it issued a Reservation of Rights dated June 30, 2017, which is self-explanatory, but except as to admitted, denies the allegations contained in paragraph 50 of the Complaint.

51. Travelers admits that it issued a Reservation of Rights dated June 30, 2017, which is self-explanatory, but except as to admitted, denies the allegations contained in paragraph 51 of the Complaint.

52. Travelers admits that it issued a Reservation of Rights dated June 30, 2017, which is self-explanatory, but except as to admitted, denies the allegations contained in paragraph 52 of the Complaint.

53. Travelers admits only that the Puerto Rican Departamento de Recursos Naturales y Ambientales issued an order which speaks for itself, but except as to admitted, denies the allegations contained in paragraph 53 of the Complaint.

54. Travelers admits only that the Puerto Rican Departamento de Recursos Naturales y Ambientales issued an order which speaks for itself, but except as to admitted, denies the allegations contained in paragraph 54 of the Complaint.

55. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 55 of the Complaint.

56. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 56 of the Complaint.

57. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 57 of the Complaint.

58. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 58 of the Complaint.

59. Travelers denies the allegations contained in paragraph 59 of the Complaint.

60. Travelers denies the allegations contained in paragraph 60 of the Complaint.

61. Travelers denies the allegations contained in paragraph 61 of the Complaint.

62. Travelers denies the allegations contained in paragraph 62 of the Complaint.

## FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

63. Travelers repeats and realleges its responses to paragraphs 1 through 62 of the Complaint.

64. Travelers admits MER has filed a Complaint, but except as admitted, denies the allegations contained in paragraph 64 of the Complaint.

65. Travelers admits MER has filed a Complaint, but except as admitted, denies the allegations contained in paragraph 65 of the Complaint.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

66. Travelers repeats and realleges its responses to paragraphs 1 through 65 of the Complaint.

67. Travelers admits only that the Policy speaks for itself, but except as to admitted denies the allegations contained in paragraph 67 of the Complaint.

68. Travelers denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 68 of the Complaint.

69. Travelers denies the allegations contained in paragraph 69 of the Complaint.

70. Travelers denies the allegations contained in paragraph 70 of the Complaint.

71. Travelers denies the allegations contained in paragraph 71 of the Complaint.

72. Travelers denies the allegations contained in paragraph 72 of the Complaint.

## THIRD CAUSE OF ACTION – BAD FAITH ("DOLO")

73. Travelers repeats and realleges its responses to paragraphs 1 through 72 of the Complaint.

74. Travelers denies the allegations contained in paragraph 74 of the Complaint.

75. Travelers denies the allegations contained in paragraph 75 of the Complaint.

76. Travelers denies the allegations contained in paragraph 76 of the Complaint.

77. Travelers denies the allegations contained in paragraph 77 of the Complaint.

78. Travelers denies the allegations contained in paragraph 78 of the Complaint.

79. Travelers denies the allegations contained in paragraph 79 of the Complaint.

80. Travelers denies the allegations contained in paragraph 80 of the Complaint.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint failed to state a cause of action for which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

The United States District Court for the District of Puerto Rico is Forum Non-Conveniens.

## **THIRD AFFIRMATIVE DEFENSE**

The United States District Court for the District of Puerto Rico is not the proper venue.

## **FOURTH AFFIRMATIVE DEFENSE**

The Complaint is barred by a Statute of Limitations, laches or other applicable time bar.

## **FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery by the Doctrine of Estoppel.

## **SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery by the Doctrine of Waiver.

## **SEVENTH AFFIRMATIVE DEFENSE**

Defendant has fully complied with all the applicable terms and conditions contained in the Policy of insurance which were to be performed by the Defendant.

## **EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred due to its failure to comply with terms and conditions contained in the Policy.

## **NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to provide evidence that its loss is due to a covered risk.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for dolo and under Puerto Rican law are inapplicable to Marine Insurance and Admiralty law, and are improper and barred as a matter of law.

### ELEVENTH AFFIRMATIVE DEFENSE

The Policy of insurance is for Marine insurance subject to the Admiralty Law of the United States.

### TWELFTH AFFIRMATIVE DEFENSE

The Policy of insurance is subject to the Doctrine of *Uberrimae Fidei* which Plaintiff breached thereby precluding a claim.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff violated its duty to cooperate under the Policy of insurance or under law or both thereby precluding the claim.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff made misrepresentations or omissions or both in the presentation of the claim violation of its duties under the Policy of insurance and at law thereby precluding the claim.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff made misrepresentations or omissions or both in the presentation of the claim in violation of the obligation *of Uberrimae Fidei* thereby precluding the claim.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for relief under the Policy is subject to the terms and conditions of the Policy of insurance, including but not limited to, the Policy's exclusions, limits of liability, warranties and deductibles.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff had or has other insurance that would or should have responded to the claim relieving the Policy from any contribution or payment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for relief under the Policy is precluded by one or more of the Policy exclusions.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for relief is subject to the Policy's $1,000,000 limit of insurance.

**WHEREFORE**, Defendants pray the Court to dismiss the Complaint, with prejudice and with costs and attorneys' fees and to render such other and further relief as the Court deems just and proper.

### COUNTERCLAIM

1.	Travelers brings this Counterclaim for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. and Rule 57 of the Federal Rules of Civil Procedure.

2.	This is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333.

3.	This Court also has diversity of citizenship jurisdiction based upon 28 U.S.C. § 1332 in that Plaintiff and Defendant are citizens of different states. The amount in controversy exceeds $75,000 exclusive of interest and costs.

## PARTIES

4. Travelers is a legal entity organized and existing under the laws of the State of Connecticut with an office and principal place of business in Hartford, Connecticut.

5. Plaintiff counterclaim Defendant MERG alleges it is a legal entity organized and existing under the laws of New Jersey with an office and principal place of business in New Jersey.

## FACTUAL ALLEGATIONS

6. Arthur T. Gallagher ("Gallagher") is a New York licensed and based insurance broker and acted as MERG's insurance broker for the Policy at issue at all material times.

7. In or about 2016, the Ocean Marine unit of Arthur T. Gallagher approached Travelers' Ocean Marine insurance unit in New York to apply for marine protection & indemnity insurance for MERG for the LONE STAR (the "vessel" or "LONE STAR").

8. Travelers reviewed the information submitted to it and based upon the information, agreed to issue Marine P&I insurance to MERG, P&I for the LONE STAR.

9. MERG has submitted a claim in excess of USD 75,000 under the Policy (the "Claim").

10. Travelers was not provided with all material information about the risk when the marine insurance coverage was sought.

## FIRST CAUSE OF ACTION

11. Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

12. The Policy is a one of Marine insurance and is governed by United States Federal Admiralty law and by the doctrine of the *Uberrimae Fidei*.

11

13. MERG had a duty to exercise the Utmost Good Faith when seeking the insurance for the LONE STAR.

14. MERG breached its duty of Utmost Good Faith and the doctrine of *Uberrima Fidei* by, *inter ali*a, failing to disclose material information or submitting incorrect information about the risk when seeking the coverage and thereafter.

15. MERG breach of its duty of Utmost Good Faith rendering the Policy void *ab initio*.

16. Travelers requests that the Court issue Judgment Declaring that the Policy is void *ab intio*.

## SECOND CAUSE OF ACTION

17. Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

18. The LONE STAR coverage is subject to Implied and Contractual Warranties of Seaworthiness.

19. MERG violated the one or more Warranties of Seaworthiness rendering the coverage unenforceable.

20. Travelers requests that the Court issue Judgment declaring the Claim not covered.

## THIRD CAUSE OF ACTION

21. Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

22. The Policy only responds for fortuitous losses.

23. The claim was not due to a fortuity.

24. Travelers requests that the Court issue Judgment declaring that the Claim is not covered for want of fortuity.

## FOURTH CAUSE OF ACTION

25. Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

26. The vessel was not in a serviceable or seaworthy condition in violation of the Policy conditions, which caused or contributed to the claim.

27. Travelers requests that the Court issue Judgment declaring the Claim not covered.

## FIFTH CAUSE OF ACTION

28. Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

29. MERG failed to comply with the Terms and Conditions of Coverage relative to the Claim precluding coverage under the Policy.

30. Travelers requests that the Court issue Declaratory Judgment that the violation of the Terms and Conditions of Coverage in the Policy relieves it of any obligation to provide coverage for the Claim.

## SIXTH CAUSE OF ACTION

31. Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

32. The claimed costs of raising the vessel are not the type of claim covered under the Policy and thus the claim must be denied.

33. By reason of the foregoing, the claim is not covered under the Policy, and Travelers requests the Court declare that Travelers is relieved from any obligation to MERG.

**WHEREFORE**, Defendant Travelers Property Casualty Company of America, prays for judgment of this Court dismissing the Complaint in its entirety with prejudice and that it be awarded the costs and reasonable attorneys' fees incurred in the defense hereof declaring that the Policy is void ab initio, and/or that Plaintiff's claim is not covered and for such other relief as this Court deems proper.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will notify a copy of the same to all attorneys of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico on this 20th day of June 2018.

*s/ Jorge F. Blasini*
**JORGE F. BLASINI**
USDC-PR NO.: 213001
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, P. R. 00936-6104
Tel.:(787) 767-1030
Fax:(787) 751-4068
jblasini@jgl.com

James W. Carbin (*admitted pro hac vice*)
P. Ryan McElduff (*admitted pro hac vice*)
DUANE MORRIS, LLP
One Riverfront Plaza,
1037 Raymond Blvd., Suite 1800
Newark, New Jersey 07102
TEL:(973) 424-2000
FAX:(973) 424-2001
PRMcElduff@duanemorris.com
JWCarbin@duanemorris.com

*ATTORNEYS FOR DEFENDANT, Travelers Property Casualty Company of America*