UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARINE ENVIRONMENTAL REMEDIATION GROUP LLC and MER GROUP PUERTO RICO LLC | Civil Case No.: 18-cv-1179 (PAD) |
| Plaintiffs, | |
| v. | Re:  Insurance Claim |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | |
| Defendants | |

## ANSWER TO THE AMENDED COMPLAINT, AFFIRMATIVE DEFENSES WITH COUNTERCLAIM

Defendant, Travelers Property Casualty Company of America, through its undersigned attorneys, very respectfully, states and prays as follows:

1.  Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 1 in the Amended Complaint.

2.  Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 2 in the Amended Complaint.

3.  Travelers admits the allegations in paragraph 3 of the Amended Complaint.

4.  Travelers admits the Court has Admiralty and Diversity of citizenship jurisdiction.

5.  Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 5 in the Amended Complaint.

6.  Travelers admits the allegations contained in paragraph 6 of the Amended Complaint.

7.  Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 7 in the Amended Complaint.

8.   Travelers admits only that it issued the Protection and Indemnity ("P&I") Policy to MER which speaks for itself, but except as to admitted, denies, the allegations contained in paragraph 8 of the Amended Complaint.

9.   Travelers admits only issued Bumbershoot Policy, which speaks for itself, but except as so admitted, denies the allegations contained in paragraph 9 of the Amended Complaint.

10. Travelers that admits only it knew MER was the business of marine scrap, but as so admitted, denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 10 of the Amended Complaint.

11. Travelers only admits it knew MER was in the business of marine scrap, but except as so admitted, denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 11 of the Amended Complaint.

12. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 12 of the Amended Complaint.

13. Travelers admits to the allegations contained in paragraph 13 of the Amended Complaint.

14. Travelers admits only that it issued the Policy, but except as so admitted, denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Travelers admits only that it issued the Policy, but except as so expressly admitted, denies the allegations contained in paragraph 15 of the Amended Complaint.

16. Travelers admits only that it issued the Policy, but except as so admitted, denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Travelers admits only that it issued the Policy, but except as so admitted, denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Travelers admits only that it issued the Policy, but except as so admitted, denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Travelers admits only that it issued the Policy, but except as so admitted, denies the allegations contained in paragraph 19 of the Amended Complaint.

20. Travelers denies the allegations contained in paragraph 20 of the Amended Complaint.

21. Travelers denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Travelers denies the allegations contained in paragraph 22 of the Amended Complaint.

23. Travelers denies the allegations contained in paragraph 23 of the Amended Complaint.

24. Travelers denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Travelers denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Travelers denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Travelers denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Travelers denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Travelers denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Travelers denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 31 of the Amended Complaint.

32. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 32 of the Amended Complaint.

33. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 33 of the Amended Complaint.

34. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 34 of the Amended Complaint.

35. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 35 of the Amended Complaint.

36. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 36 of the Amended Complaint.

37. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 37 of the Amended Complaint.

38. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 38 of the Amended Complaint.

39. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 39 of the Amended Complaint.

40. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 40 of the Amended Complaint.

41. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 41 of the Amended Complaint.

42. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 42 of the Amended Complaint.

43. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 43 of the Amended Complaint.

44. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 44 of the Amended Complaint.

45. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 45 of the Amended Complaint.

46. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 46 of the Amended Complaint.

47. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 47 of the Amended Complaint.

48. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 48 of the Amended Complaint.

49. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 49 of the Amended Complaint.

50. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 50 of the Amended Complaint.

51. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 51 of the Amended Complaint.

52. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 52 of the Amended Complaint.

53. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 53 of the Amended Complaint.

54. Travelers admits only that it investigated the claim, but except as so expressly admitted, denies the allegations contained in paragraph 54 of the Amended Complaint.

55. Travelers admits only that it investigated the claim, but except as so expressly admitted, denies the allegations contained in paragraph 55 of the Amended Complaint.

56. Travelers denies the allegations contained in paragraph 56 of the Amended Complaint.

57. Travelers denies the allegations contained in paragraph 57 of the Amended Complaint.

58. Travelers admits only that it issued a Reservation of Rights letter which is self-explanatory, but except as so admitted, denies the allegations contained in paragraph 58 of the Amended Complaint.

59. Travelers admits only that it issued a Reservation of Rights letter which is self-explanatory, but except as so admitted, denies the allegations contained in paragraph 59 of the Amended Complaint.

60. Travelers admits only that it issued a Reservation of Rights letter, which is self-explanatory, but except as so admitted, denies the allegations contained in paragraph 60 of the Amended Complaint.

61. Travelers admits only that the Puerto Rico report of Natural and Environmental Resources issued an order which is self-explanatory, but except as so admitted, denies the allegations contained in paragraph 61 of the Amended Complaint.

62. Travelers denies the allegations contained in paragraph 62 of the Amended Complaint.

63. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 63 of the Amended Complaint.

64. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 64 of the Amended Complaint.

65. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 65 of the Amended Complaint.

66. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 66 of the Amended Complaint.

67. Travelers denies the allegations contained in paragraph 67 of the Amended Complaint.

68. Travelers denies the allegations contained in paragraph 68 of the Amended Complaint.

69. Travelers denies the allegations contained in paragraph 69 of the Amended Complaint.

70. Travelers denies the allegations contained in paragraph 70 of the Amended Complaint.

## FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

71. Travelers repeats and realleges its responses to paragraphs 1-70 of the Amended Complaint.

72. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 72 of the Amended Complaint.

6

73. Travelers denies knowledge or information sufficient to admit or to deny the allegations contained in paragraph 73 of the Amended Complaint.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

74. Travelers repeats and realleges its responses to paragraphs 1-73 of the Amended Complaint.

75. Travelers admits only the policies speak for themselves, but except as so expressly admitted, denies the allegations contained in paragraph 75 of the Amended Complaint.

76. Travelers denies the allegations contained in paragraph 76 of the Amended Complaint.

77. Travelers denies the allegations contained in paragraph 77 of the Amended Complaint.

78. Travelers denies the allegations contained in paragraph 78 of the Amended Complaint.

79. Travelers denies the allegations contained in paragraph 79 of the Amended Complaint.

80. Travelers denies the allegations contained in paragraph 80 of the Amended Complaint.

## THIRD CAUSE OF ACTION – BAD FAITH ("DOLO")

81. Travelers repeats and realleges its responses to paragraphs 1-80 of the Amended Complaint.

82. Travelers denies the allegations contained in paragraph 82 of the Amended Complaint.

83. Travelers denies the allegations contained in paragraph 83 of the Amended Complaint.

84. Travelers denies the allegations contained in paragraph 84 of the Amended Complaint.

85. Travelers denies the allegations contained in paragraph 85 of the Amended Complaint.

86. Travelers denies the allegations contained in paragraph 86 of the Amended Complaint.

87. Travelers denies the allegations contained in paragraph 87 of the Amended Complaint.

88. Travelers denies the allegations contained in paragraph 88 of the Amended Complaint.

89. Travelers denies the allegations contained in paragraph 89 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The United States District Court for the District of Puerto Rico is Forum Non-Conveniens.

### THIRD AFFIRMATIVE DEFENSE

The United States District Court for the District of Puerto Rico is not the proper venue.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by a Statute of Limitations, laches or other applicable time bar.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by the Doctrine of Estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by the Doctrine of Waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant has fully complied with all the applicable terms and conditions contained in

the P&I and/or Bumbershoot Policy of insurance, respectively, which were to be performed by

the Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to its failure to comply with terms and conditions contained in

the respective Policies.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to provide evidence that its loss is due to a risk covered under either the

P&I or Bumbershoot policy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for DOLO and under Puerto Rican law are inapplicable to Marine Insurance and Admiralty law, and are improper and barred as a matter of law.

## ELEVENTH AFFIRMATIVE DEFENSE

The Policy of insurance is for Marine insurance subject to the Admiralty Law of the United States.

## TWELFTH AFFIRMATIVE DEFENSE

The P&I and Bumbershoot Policies of insurance are each subject to the Doctrine of *Uberrimae Fidei*, which Plaintiff breached thereby precluding any claim.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff violated its duty to cooperate under the Policies of insurance, or under law, or both, thereby precluding the claim.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff made misrepresentations or omissions or both in the presentation of the risk or of the claim in violation of its duties under each Policy of insurance, and at law, thereby precluding the claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff made misrepresentations or omissions or both in the presentation of the risks or of the claim in violation of the Doctrine *of Uberrimae Fidei* thereby precluding the claim.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for relief under the P&I and the Bumbershoot Policies is subject to the terms and conditions of each Policy, including but not limited to, the Policies respective terms, exclusions, limits of liability, warranties and deductibles.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff had or has other insurance that did or should have responded to the claim relieving the P&I or Bumbershoot Policy from any contribution or payment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for relief under the Policies is precluded by one or more of the respective Policies' exclusions.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for relief is subject to the Policies respective limits of insurance.

**WHEREFORE**, Defendants pray the Court to dismiss the Complaint, with prejudice and with costs and attorneys' fees and to render such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

1.   Travelers brings this Counterclaim for a declaratory judgment pursuant to 28 § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

2.   This is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333.

3.   This Court also has diversity of citizenship jurisdiction based upon 28 U.S.C. § 1332 in that Plaintiff and Defendant are citizens of different states. The amount in controversy exceeds $75,000 exclusive of interest and costs.

## PARTIES

4.   Travelers is a legal entity organized and existing under the laws of the State of Connecticut with an office and principal place of business in Hartford, Connecticut.

5.   Plaintiff counterclaim Defendant MERG alleges it is a legal entity organized and existing under the laws of New Jersey with an office and principal place of business in New Jersey.

## FACTUAL ALLEGATIONS

6.   Arthur T. Gallagher ("Gallagher") is a New York licensed and based insurance broker.

7.   Gallagher acted as MERG's insurance broker for the P&I and/or Bumbershoot Policy at issue at all material times.

8.   In or about 2016, the Ocean Marine unit of Arthur T. Gallagher approached Travelers' Ocean Marine insurance unit in New York to apply for Marine Protection & Indemnity insurance and Bumbershoot insurance for MERG for the LONE STAR.

9.   Travelers reviewed the information submitted to it and based upon that information, agreed to issue Marine P&I and Bumbershoot insurance to MERG, for the LONESTAR.

10.  MERG has submitted a claim in excess of USD 75,000 under the Policies (the "Claim").

11.  Travelers was not provided with all information material to the risk when  the Marine insurance coverages were sought.

## FIRST CAUSE OF ACTION

12. Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

13. The Policy is a one of Marine insurance and is governed by United States Federal Admiralty law and by the Doctrine of the *Uberrimae Fidei.*

14. MERG had a duty to exercise the Utmost Good Faith when seeking the insurances for the LONE STAR.

15. MERG breached its duty of Utmost Good Faith and the Doctrine of Uberrima Fidei by, inter alia, failing to disclose material information or submitting incorrect or incomplete information about the risk when seeking the coverages and thereafter.

16. MERG breach of its duty of Utmost Good Faith rendering the Policies void *ab initio*.

17. Travelers requests that the Court issue Judgment Declaring that the P&I Policy and the Bumbershoot Policy is void *ab intio*.

## SECOND CAUSE OF ACTION

18. Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

19. The LONE STAR coverages are subject to Implied and Contractual Warranties including Warranties of Seaworthiness.

20. MERG violated the one or more Warranties of Seaworthiness rendering the coverage unenforceable and the claim not covered.

21. Travelers requests that the Court issue Judgment declaring the Claim not covered under both the P&I and the Bumbershoot insurances.

## THIRD CAUSE OF ACTION

22.  Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

23.  The Policies only responds for fortuitous losses.

24.  The claim was not due to a fortuity.

25.  Travelers requests that the Court issue Judgment declaring that the Claim is not covered under either the P&I or the Bumbershoot Policy for want of fortuity.

## FOURTH CAUSE OF ACTION

26.  Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

27.  The vessel was not in a serviceable or seaworthy condition in violation of the Policy conditions, which caused or contributed to the claim.

28.  Travelers requests that the Court issue Judgment declaring the Claim not covered under either the P&I or the Bumbershoot insurances.

## FIFTH CAUSE OF ACTION

29.  Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

30.  MERG failed to comply with the Terms and Conditions the respective policies, of coverages relative to the Claim precluding coverage under the Policy.

31.  Travelers requests that the Court issue Declaratory Judgment that the violation of the Terms and Conditions of P&I and the Bumbershoot Coverage in the Policy respectively, relieves them of any obligation to provide coverage for the Claim.

## SIXTH CAUSE OF ACTION

32.  Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

33.  The claimed costs of raising the vessel are not the type of claim covered under the P&I or the Bumbershoot Policy and thus the claim must be denied.

34.  By reason of the foregoing, the claim is not covered under the P&I or the Bumbershoot Policy, and Travelers requests the Court declare that Travelers is relieved from any obligation to MERG.

## SEVENTH CAUSE OF ACTION

35.  Travelers repeats and realleges each and every allegation contained above as if fully set forth in length herein.

36.  Any provable claim is subject to the attachment and limits terms of the P&I and Bumbershoot policies respectively, and would therefore not be recoverable under either.

**WHEREFORE**, Defendant Travelers Property Casualty Company of America, prays for judgment of this Court dismissing the Complaint in its entirety with prejudice Declaring the P&I and/or Bumbershoot Policy to be void _ab initio_, or that the claim is not recoverable under either policy, and that it be awarded the costs and reasonable attorneys' fees incurred in the defense hereof and for such other relief as this Court deems proper.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will notify a copy of the same to all attorneys of record.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico on this 28th day of September 2018.

*s/ Jorge F. Blasini*
Jorge F. Blasini
USDC-PR NO.: 213001
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, P. R. 00936-6104 Tel.:(787) 767-1030
Fax:(787) 751-4068
jblasini@jgl.com

James W. Carbin (*admitted pro hac vice*)
P. Ryan McElduff (*admitted pro hac vice*)
DUANE MORRIS, LLP
One Riverfront Plaza,

1037 Raymond Blvd., Suite 1800 Newark, New Jersey 07102 TEL:(973) 424-2000
FAX:(973) 424-2001
PRMcElduff@duanemorris.com
JWCarbin@duanemorris.com

*ATTORNEYS FOR DEFENDANT, Travelers*
*Property Casualty Company of America*