UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------x

MARINE ENVIRONMENTAL                 CIVIL NO. 18-1179 (PAD)
REMEDIATION GROUP LLC and
MER GROUP PUERTO RICO LLC,

           Plaintiffs,

    vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

           Defendant.

-------------------------------------------------------x

**ANSWER AND AFFIRMATIVE DEFENSES
TO THE COUNTERCLAIM**

TO THE HONORABLE COURT:

      Plaintiffs Marine Environmental Remediation Group LLC ("MERG") and MER Group Puerto Rico LLC ("MER PR") hereby respond to the Counterclaim filed on September 28, 2018 by Defendant Travelers Property Casualty Company of America ("Travelers"). Travelers has filed its Counterclaim only against Plaintiff MERG. Travelers' Counterclaim, however, seeks the dismissal of the entire action brought by both Plaintiff MERG and Plaintiff MER PR. Accordingly, both Plaintiffs MERG and MER PR (collectively, "MER") respond to the Counterclaim as follows:

      1.     Paragraph 1 of the Counterclaim calls for a legal conclusion to which no response is required. To the extent that a response is required, however, MER denies the allegations in Paragraph 1 of the Counterclaim.

2. Paragraph 2 of the Counterclaim calls for a legal conclusion to which no response is required. To the extent that a response is required, however, MER denies the allegations in Paragraph 2 of the Counterclaim.

3. Paragraph 3 of the Counterclaim calls for a legal conclusion to which no response is required. To the extent that a response is required, however, MER admits that Travelers and MER are citizens of different states, and MER denies the remaining allegations set forth in Paragraph 3 of the Counterclaim.

4. MER denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of the Counterclaim.

5. MER admits that MERG is a legal entity organized and existing under the laws of New Jersey with an office and place of business in New Jersey, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 5 of the Counterclaim.

6. MER denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Counterclaim.

7. MER admits that Arthur T. Gallagher ("Gallagher") acted as an insurance broker for the Travelers Policies at issue, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 7 of the Counterclaim.

8. MER admits that in 2016 Gallagher sought to procure a protection and indemnity policy ("P&I Policy") and Bumbershoot Policy for MER from Travelers, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 8 of the Counterclaim.

9. MER denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Counterclaim, except MER admits that Travelers sold MER a P&I Policy and a Bumbershoot Policy, but denies that Travelers ever issued to MER correct versions of the P&I Policy and the Bumbershoot Policy.

10. MER admits the allegations set forth in Paragraph 10 of the Counterclaim.

11. MER denies the allegations set forth in Paragraph 11 of the Counterclaim.

## ANSWER TO FIRST CAUSE OF ACTION

12. MER repeats and realleges Paragraphs 1-11 in response to Paragraph 12 of the Counterclaim.

13. MER denies the allegations set forth in Paragraph 13 of the Counterclaim.

14. MER denies the allegations set forth in Paragraph 14 of the Counterclaim.

15. MER denies the allegations set forth in Paragraph 15 of the Counterclaim.

16. MER denies the allegations set forth in Paragraph 16 of the Counterclaim.

17. MER denies that Travelers is entitled to the relief sought in Paragraph 17 of the Counterclaim.

## ANSWER TO SECOND CAUSE OF ACTION

18. MER repeats and realleges Paragraphs 1-17 in response to Paragraph 18 of the Counterclaim.

19. MER denies the allegations set forth in Paragraph 19 of the Counterclaim and further avers that Travelers refused to issue to MER correct versions of the P&I Policy and the Bumbershoot Policy that it sold to MER for certain premiums.

20. MER denies the allegations set forth in Paragraph 20 of the Counterclaim.

21. MER denies that Travelers is entitled to the relief sought in Paragraph 21 of the Counterclaim.

### ANSWER TO THIRD CAUSE OF ACTION

22. MER repeats and realleges Paragraphs 1-21 in response to Paragraph 22 of the Counterclaim.

23. MER denies the allegations set forth in Paragraph 23 of the Counterclaim, and further avers that Travelers refused to issue to MER correct versions of the P&I Policy and the Bumbershoot Policy that it sold to MER for certain premiums.

24. MER denies the allegations set forth in Paragraph 24 of the Counterclaim.

25. MER denies that Travelers is entitled to the relief sought in Paragraph 25 of the Counterclaim.

### ANSWER TO FOURTH CAUSE OF ACTION

26. MER repeats and realleges Paragraphs 1-25 in response to Paragraph 26 of the Counterclaim.

27. MER denies the allegations set forth in Paragraph 27 of the Counterclaim, and further avers that Travelers refused to issue to MER correct versions of the P&I Policy and the Bumbershoot Policy that it sold to MER for certain premiums.

28. MER denies that Travelers is entitled to the relief sought in Paragraph 28 of the Counterclaim.

### ANSWER TO FIFTH CAUSE OF ACTION

29. MER repeats and realleges Paragraphs 1-28 in response to Paragraph 29 of the Counterclaim.

30. MER denies the allegations set forth in Paragraph 30 of the Counterclaim, and further avers that Travelers refused to issue to MER correct versions of the P&I Policy and the Bumbershoot Policy that it sold to MER for certain premiums.

31.     MER denies that Travelers is entitled to the relief sought in Paragraph 31 of the Counterclaim.

## ANSWER TO SIXTH CAUSE OF ACTION

32.     MER repeats and realleges Paragraphs 1-31 in response to Paragraph 32 of the Counterclaim.

33.     MER denies the allegations set forth in Paragraph 33 of the Counterclaim, and further avers that Travelers refused to issue to MER correct versions of the P&I Policy and the Bumbershoot Policy that it sold to MER for certain premiums.

34.     MER denies that Travelers is entitled to the relief sought in Paragraph 34 of the Counterclaim.

## ANSWER TO SEVENTH CAUSE OF ACTION

35.     MER repeats and realleges Paragraphs 1-34 in response to Paragraph 35 of the Counterclaim.

36.     MER denies the allegations set forth in Paragraph 36 of the Counterclaim, and further avers that Travelers refused to issue to MER correct versions of the P&I Policy and the Bumbershoot Policy that it sold to MER for certain premiums.

37.     MER further denies that Travelers is entitled to any of the relief sought in the Counterclaim.

38.     MER denies all matters not specifically admitted herein.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to the allegations made in Travelers' Counterclaim, MER alleges upon information and belief as follows:

## FIRST AFFIRMATIVE DEFENSE

39.     Travelers has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

40. Travelers has failed to plead, and in any event this Court lacks, appropriate subject matter jurisdiction to hear this Counterclaim.

**THIRD AFFIRMATIVE DEFENSE**

41. Travelers holds itself out as a leader in the field of P&I insurance.

42. In exchange for certain premiums paid by MER, Travelers assumed the risk that its P&I Policy and Bumbershoot Policy would be called upon to cover the risks which it assumed and insured against under these specific circumstances.

43. Travelers was aware, prior to selling the P&I Policy and the Bumbershoot Policy to MER, that MER was engaged in the business of recycling ships like the LONE STAR.

44. Travelers was aware, prior to selling the P&I Policy and the Bumbershoot Policy to MER, that MER's operations and demolition plans called for dismantling vessels in substantial part while those vessels were afloat alongside a pier.

**FOURTH AFFIRMATIVE DEFENSE**

45. Travelers sold to MER the P&I Policy and the Bumbershoot Policy in exchange for certain premiums. Despite repeated requests by MER, however, Travelers to date has refused to issue to MER correct versions of the P&I Policy and the Bumbershoot Policy.

46. Travelers is therefore estopped to argue that the P&I Policy and the Bumbershoot Policy were void or otherwise breached by MER, or rely on the Policies' terms and conditions to deny coverage to MER, because MER has reasonably relied to its detriment on the coverage provided by the P&I Policy and the Bumbershoot Policy for the sinking of the LONE STAR, including but not limited to coverage for the removal of the wreck.

**FIFTH AFFIRMATIVE DEFENSE**

47. To date, Travelers has refused to issue to MER correct versions of the P&I Policy and the Bumbershoot Policy that it sold to MER for certain premiums. Travelers took no action to determine its coverage obligations prior to filing its Counterclaim, instead opting to rely unilaterally on an ever-changing series of policy language to which only Travelers had access.

48. Travelers is therefore barred by the doctrine of laches from arguing that the P&I Policy and the Bumbershoot Policy were void or otherwise breached by MER, or from relying on the Policies' terms and conditions to deny coverage to MER, because MER has reasonably relied to its detriment on the coverage provided by the P&I Policy and the Bumbershoot Policy for the sinking of the LONE STAR, including but not limited to coverage for the removal of the wreck.

**SIXTH AFFIRMATIVE DEFENSE**

49. Travelers' steadfast refusal to issue to MER correct versions of the P&I Policy and the Bumbershoot Policy that it sold to MER for certain premiums renders untimely, waived, and void any prior purported reservation of rights or denial of coverage by Travelers, and bars Travelers from seeking or obtaining the relief sought in its Counterclaim.

**SEVENTH AFFIRMATIVE DEFENSE**

50. The P&I Policy and the Bumbershoot Policy sold to MER by Travelers expired long before Travelers filed this Counterclaim. Travelers is accordingly estopped from seeking or obtaining the relief sought in its Counterclaim.

**EIGHTH AFFIRMATIVE DEFENSE**

51. The P&I Policy and the Bumbershoot Policy sold to MER by Travelers expired long before this Counterclaim was filed by Travelers. Travelers is accordingly barred by the doctrine of laches from seeking or obtaining the relief sought in its Counterclaim.

**NINTH AFFIRMATIVE DEFENSE**

52. The P&I Policy and the Bumbershoot Policy sold to MER by Travelers expired long before this Counterclaim was filed by Travelers. The actions taken by Travelers, when viewed in context, including but not limited to: (i) steadfastly refusing to issue to MER correct versions of the P&I Policy and Bumbershoot Policy that it sold to MER for certain premiums, despite repeated requests by MER; (ii) failing to conduct a reasonable investigation of MER's claim for the sinking of the LONE STAR, including the wreck removal under the P&I Policy and the Bumbershoot Policy that Travelers sold to MER; and (iii) refusing to provide coverage for an otherwise covered claim; serve as a waiver of Travelers' right to seek or obtain the relief sought in its Counterclaim.

**TENTH AFFIRMATIVE DEFENSE**

53. Travelers knew or should have known upon reasonable investigation and understood that the cause of the sinking of the LONE STAR was not due to any breach of duty by MER, and that instead the sinking was due to an act of vandalism or sabotage by outside persons, the evidence of which was available at all times to Travelers.

54. Despite this knowledge and understanding, and despite the fact that MER stood ready to give Travelers complete and unfettered access to MER's facility, equipment, employees, documents, and other records over a period of many months, including but not limited to the entire time from the initial claim to the conclusion of the wreck removal, Travelers nonetheless elected to treat MER in a manner that was an outright breach of Travelers' duty of good faith and fair dealing to MER, its insured, and accordingly Travelers is waived, otherwise estopped, and barred by the doctrine of "unclean hands" from seeking or obtaining the relief sought in its Counterclaim.

## ELEVENTH AFFIRMATIVE DEFENSE

55. Despite the fact that MER reasonably understood the P&I Policy and the Bumbershoot Policy to require Travelers to remove the wreck under the circumstances of the claim presented by MER, its insured, Travelers wrongfully and improperly denied coverage for the wreck removal. Travelers' wrongful conduct in denying a valid claim bars it from seeking or obtaining the relief sought in its Counterclaim.

## TWELFTH AFFIRMATIVE DEFENSE

56. Travelers engaged in wrongful, unethical, illegal, or improper claims handling and settlement practices by forcing MER to act as a prudent uninsured even though MER had the appropriate coverage in place with Travelers, and through such actions Travelers exposed MER to expenses, risks, liabilities, and circumstances that have threatened the continued existence of MER's business. Travelers' wrongful conduct in this regard bars it from seeking or obtaining the relief sought in its Counterclaim.

## JURY DEMAND

MER hereby demands a jury trial on all issues so triable.

**RESPECTFULLY SUBMITTED**,

In the city of San Juan, Puerto Rico, this 18th day of October 2018.



San Juan, Puerto Rico 00902-3596
☎(787) 977-5050 🖷 (787) 977-5090

S/KENNETH C. SURIA
**Kenneth C. Suria**
Email: kcsuria@estrellallc.com
USDC-PR 213302

**<u>S/PETER L. TRACEY</u>**
**Peter L. Tracey (admitted *pro hac vice*)**
**Koorosh Talieh**
**PERKINS COIE LLP**
**700 13th Street, NW**
**Washington, DC 20005-3960**
**Tel. No.: (202) 654-6200**
**Fax.: No. (202) 654-6211**
**Email: Ptracey@perkinscoie.com**

*Attorneys for Plaintiffs*
