UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARINE ENVIRONMENTAL REMEDIATION GROUP LLC and MER GROUP PUERTO RICO LLC<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA<br><br>Defendants | Civil Case No.: 18-cv-1179 (PAD)<br><br>Re: Insurance Claim |

**MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF CASE CIV. NO. 17-9881(LGS) IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Defendant Travelers Property Casualty Company of America ("Travelers") moves for an Order staying this case pending the resolution of a related case, *Starr Indemnity & Liability Company v. Marine Environmental Remediation Group, LLC*, Civil Action No. 17-Civ.-9881 (LGS) pending in the Southern District of New York.

Starr paid all of the damages sought by Plaintiff Marine Environmental Remediation Group LLC and MER Group Puerto Rico LLC (collectively "MER") in this action. The *Starr* lawsuit seeks reimbursement of amounts paid to raise and scrap the Barge LONE STAR. Here, MER claims for the amounts incurred to raise and scrap the LONE STAR, if Starr succeeds. Thus, until the *Starr* lawsuit is resolved, even the amounts in dispute here cannot be ascertained. If MER wins the *Starr* lawsuit, this matter would be moot. Moreover, as the *Starr* case arises

from the sinking of the same vessel, the potential for inconsistent factual and legal conclusions is amplified by allowing this case to proceed.

Alternatively, Travelers requests that the current deadlines be extended to permit the orderly completion of discovery after discovery is completed in the *Starr* case to avoid duplication, unnecessary costs and expenses.

## BACKGROUND

MER claims for insurance coverage from Travelers for costs and expenses related to the sinking of the Barge LONE STAR. [Dkt.No. 28, MER Amended Complaint ¶ 46-47, 67-80].

Starr Indemnity & Liability Co. ("Starr") provided Vessel Owner/Operator Pollution Insurance to MER covering the LONE STAR. [Exhibit 1, *Starr* Complaint at ¶ 7 and Exhibit A.]

On or about April 30, 2017, the LONE STAR sank at its berth in expectable conditions for unexplained reasons.  MER reported an oil slick emanating from the LONE STAR. [Dkt.No. 28, MER Amended Complaint ¶ 46-47].  Subsequently, the United States Coast Guard ordered MER to remove "the substantial threat to the environment posed by the" LONE STAR.  [Exhibit 1, *Starr* Complaint at ¶ 18 and Dkt.No. 28, MER Amended Complaint ¶ 57].

MER arranged the removal of the LONE STAR [Dkt.No. 28, MER Amended Complaint ¶ 65].  Starr <u>paid</u> the costs of removing the LONE STAR. [Exhibit 1, Starr Complaint at ¶ 20, Exhibit 2, Starr/MER February 27, 2017 Joint Report, p. 4. (listing the amounts paid by Starr)]. On December 18, 2017, Starr filed suit in the Southern District of New York seeking to recover the amounts it paid on MER's behalf. [Exhibit 1, *Starr* Complaint].

Nearly four (4) months later, on March 29, 2018, MER filed this action against Travelers. [Dkt No. 1, MER Complaint].

On July 2, 2018, Travelers and MER submitted a Joint Proposed Schedule. [Dkt. No. 22, July 2, 2018 Joint Motion]. Recognizing that the resolution of the *Starr* action would directly affect this case, Travelers and MER jointly suggested that discovery conclude May 1, 2019. [*Id*.]

On July 3, 2018, this Court issued a Case Management Order, setting a discovery deadline of January 28, 2019. [Dkt. No. 24, July 3, 2018 Case Management Order].

At the time this Court entered the Case Management Order, discovery in the *Starr* action was to conclude September 6, 2018. [Exhibit 3, March 12, 2018 Amended Case Management Order].

Starr sought and obtained three adjournments of the deadline to complete fact discovery, from September 6, 2018 to its current deadline of January 3, 2019. [Exhibit 4, Fourth Amended Case Management Order]. Starr repeatedly cited MER's discovery deficiencies as the grounds for the extension. [*See e.g.* Exhibit 5, Starr September 4, 2018 Letter and Exhibit 6, Judge Schofield's November 30, 2018 Order].

In this matter, the parties have exchanged written discovery and subpoenaed records from nine (9) third parties. The parties are currently scheduling depositions.

## ARGUMENT

### POINT I

### THE CASE SHOULD BE STAYED

> A court's power to stay proceedings is a well established accouterment of its broad discretion to manage and dispose of cases on its docket. A properly granted stay operates as an invaluable tool to conserve party and judicial resources, and to avoid inconsistent procedural and legal rulings.

*Ramos-Martir v. Astra Merck, Inc.*, 2005 U.S. Dist. LEXIS 30247, *1, 05-2038 (PG) (D. P.R. 2005). *See also Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) ("the power to stay

3

proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

The resources of the parties and the Court are best conserved by staying this case. Starr paid the costs of raising the LONE STAR, the very damages that MER seeks from Travelers here. Starr's payment underscores the appropriateness of a stay. The Court, Travelers and MER's interests are not served by incurring the costs, time and expense of further fact discovery and expert discovery when, if MER is successful in the New York case, this case would be mooted. Alternatively, if Starr is successful and recovers the amounts paid, a stay would allow MER to assess whether it should proceed against Travelers.

A stay would also ensure that there are no inconsistent procedural and legal rulings. This case and the New York action both arise out of the sinking of the same vessel and there are significant overlapping issues, including the condition/seaworthiness of the LONE STAR and whether MER complied with the marine insurance doctrine of *Uberrimae Fidei*, or Utmost Good Faith, when it sought its insurance coverage from Travelers and Starr. The *Starr* matter has been proceeding for several months longer, and the New York Court has resolved a significant dispositive motion. As the *Starr* matter has progressed further, and fact discovery will close shortly, further dispositive motions are imminent. The potential for inconsistent procedural and legal rulings is manifest. And, regardless of the outcome of the Starr matter, questions regarding the preclusive effect of decisions in the New York case will certainly arise.

Finally, even while this case is stayed, the parties may continue informal discovery and discussions as the *Starr* matter proceeds. As paper discovery is nearly complete, should it be necessary to move forward in this case once the *Starr* case is resolved, it can be done efficiently.

## POINT II

## ALTERNATIVELY, DISCOVERY SHOULD BE EXTENDED

Should the Court determine a stay is not warranted, Travelers respectfully requests that the time to complete discovery be extended from January 28, 2019 to the May 1, 2019 deadline the parties jointly proposed and the remaining deadlines be adjusted accordingly.  The extension would assist in alleviating the duplication, unnecessary costs, expenses and potential for inconsistent rulings caused by the delays in the *Starr* New York action.

## CONCLUSION

**WHEREFORE**, Defendant Travelers Property Casualty Company of America respectfully requests form this Honorable Court  to  Order 1) that this matter be stayed pending the resolution of a related case, *Starr Indemnity & Liability Company v. Marine Environmental Remediation Group, LLC*, Civil Action No. 17-Civ.-9881 (LGS) pending in the Southern District of New York; or, 2) Alternatively, that the deadline to complete discovery be extended from January 28, 2019 to May 1, 2019 and all other deadlines similarly adjusted, and 3) for such other and further relief the Court deems appropriate.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will notify a copy of the same to all attorneys of record.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico on this 28th day of September 2018.

*s/ Jorge F. Blasini*
Jorge F. Blasini
USDC-PR NO.: 213001
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, P. R. 00936-6104 Tel.:(787) 767-1030
Fax:(787) 751-4068
jblasini@jgl.com

James W. Carbin (*admitted pro hac vice*)
P. Ryan McElduff (*admitted pro hac vice*)
DUANE MORRIS, LLP
One Riverfront Plaza,

1037 Raymond Blvd., Suite 1800 Newark, New Jersey 07102 TEL:(973) 424-2000
FAX:(973) 424-2001
PRMcElduff@duanemorris.com
JWCarbin@duanemorris.com

*ATTORNEYS FOR DEFENDANT, Travelers Property Casualty Company of America*