IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Party Book Hill Park, LLC et al,<br><br>Plaintiff,<br><br>v.<br><br>Travelers Property Casualty Company,<br><br>Defendant. | **Civil. No. 18-1179 (GMM)** |

## OPINION AND ORDER

This case arises from an insurance coverage dispute over the sinking of the LONE STAR, a former pipe barge owned by Marine Environmental Remediation Group, LLC (a subsidiary owned by MER Group Puerto Rico, LLC (collectively "MER")). The insurer, Travelers Property Casualty Company of America ("Travelers" or "Defendant"), denied MER coverage for the incident based on the Protection and Indemnity Insurance Policy ("P&I Policy"). On March 1, 2022, Party Book Hill Park, LLC ("Book Hill" or "Plaintiff") purchased MER's claims against Defendant after MER went bankrupt and, thereafter, became the plaintiff in this case. *See* (Docket 49-1 at 2). Defendant has filed a series of motions *in limine* in

Civil No. 18-1179(GMM)

Page -2-

this case. *See* (Docket Nos. 195[1], 197[2], 201[3], 203[4], 205[5], 207[6], 209[7], 211[8], 225[9], 227[10], 229[11], 231[12]). Plaintiff filed its omnibus opposition to Defendant's motions at Docket No. 244.[13] Defendant thereafter filed an omnibus reply at Docket No. 253.[14] The Court will now address those motions *in limine* that place at issue Book Hill's various damages items at Docket Nos. 201, 203, 205, 207, 209, 211, 229, and 231.

## I.    LEGAL STANDARD AND APPLICABLE LAW

A.    Federal Rules of Evidence

A motion *in limine* is "[a] pretrial request that certain inadmissible evidence not be mentioned at trial." U.S. v. Agosto Vega, 731 F.3d 62, 65 (1st Cir. 2013). "A district court is

---

[1] *Travelers Property Casualty Company of America's Motion In Limine To Exclude Opinions Of Robert William Carter.*
[2] *Travelers Property Casualty Company of America's Motion In Limine To Exclude Untimely And Unidentified Documents From Trial.*
[3] *Travelers' Motion In Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "Security For Resolve".*
[4] *Travelers' Motion In Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "7P Mortgage Interest".*
[5] *Travelers' Motion In Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "Initial Wreck Removal".*
[6] *Travelers' Motion In Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "Atlantic Marine Association".*
[7] *Travelers' Motion In Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "Resolve".*
[8] Travelers' Motion In Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "MER Assistance To Resolve".
[9] *Travelers' Motion In Limine to Exclude the Opinions of Damon Hostetter.*
[10] *Travelers' Motion In Limine to Exclude the Opinions of Kevin Highfield.*
[11] *Travelers' Motion In Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Items Described as "Attorney's Fees".*
[12] *Travelers' Motion In Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "Lost Profits".*
[13] *Plaintiff's Omnibus Opposition to Defendant's Motions In Limine.* ("Omnibus Opposition").
[14] *Travelers Property Casualty Company Of America's Reply to Book Hill's Omnibus Opposition to Travelers' Motions In Limine.* ("Omnibus Reply").

Civil No. 18-1179(GMM)

Page -3-

accorded a wide discretion in determining the admissibility of evidence under the Federal rules. Assessing the probative value of [the proffered evidence] and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403. . ." <u>United States v. Abel</u>, 469 U.S. 45, 54 (1984).

Fed. R. Evid. 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "'[T]he evidence need not definitively resolve a key issue in the case,' but rather 'need only move the inquiry forward to some degree.'" <u>Id.</u> (*citing* <u>Bielunas v. F/V Misty Dawn, Inc.</u>, 621 F.3d 72, 76 (1st Cir. 2010)). As such, "[r]elevancy is a very low threshold." <u>United States v. Cruz-Ramos</u>, 987 F.3d 27, 42 (1st Cir. 2021).

Fed. R. Evid. 402 provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court [of the United States]." Fed. R. Evid. 402. Rule 402 explicitly states that "irrelevant evidence is not admissible." Thus, under Rule 402, "the court will generally admit evidence that makes a fact

Civil No. 18-1179(GMM)

Page -4-

more or less probable than it would be otherwise." <u>Scholz v.</u>
<u>Goudreau</u>, 901 F.3d 37, 50 (1st Cir. 2018).

Relevant evidence may be excluded under certain
circumstances. One such circumstances is under Fed. R. Evid. 403
"if its probative value is substantially outweighed by a danger
of. . .unfair prejudice, confusing the issues, misleading the jury,
undue delay, wasting time, or needlessly presenting cumulative
evidence." Moreover, the First Circuit has emphasized that Fed. R.
Evid. 403 protects "against unfair prejudice, not against all
prejudice." <u>United States v. Whitney</u>, 524 F.3d 134, 141 (1st Cir.
2008). It has been noted in this District that "[e]vidence is
generally deemed unfairly prejudicial if it has an undue tendency
to prompt a decision by the factfinder on an improper basis." <u>Diaz-</u>
<u>Casillas v. Doctors' Ctr. Hosp. San Juan</u>, 342 F.Supp.3d 218, 232
(D.P.R. 2018) (*quoting* <u>United States v. Benedetti</u>, 433 F.3d 111,
118 (1st Cir. 2005)). However, when there is a close question on
admissibility of relevant evidence, "Rule 403 tilts the balance in
favor of admission." *See* <u>Whitney</u>, 524 F.3d at 141 (*quoting* <u>United</u>
<u>States v. Rivera</u>, 83 F.3d 542, 545 (1st Cir. 1996)).

B.    <u>Puerto Rico Breach of Contract Damages</u>

Under Puerto Rico law, a party that engages in "dolo" or bad
faith, in the performance of a contract "shall be liable for all
those [losses and damages] which clearly may originate from the

Civil No. 18-1179(GMM)

Page -5-

nonfulfillment of the obligation." P.R. Laws Ann. tit. 31, § 3024.
Thus, the imposition of damages for dolo in the performance of a
contract is "broader than that resulting from a good faith breach
of contract, where, in contrast, damages are limited to 'those
foreseen or which may have been foreseen, at the time of
constituting the obligation, and which may be a necessary
consequence of its nonfulfillment.'" Puerto Rico Tel. Co. v.
SprintCom, Inc., 662 F.3d 74, 99 (1st Cir. 2011) (*citing* P.R. Laws
Ann. tit. 31, § 3024).

## II.  ANALYSIS

A.  Lost Profits

On August 15, 2024, Defendant filed *Travelers' Motion In
Limine To Exclude Evidence Of Or Relating To Book Hill's Alleged
Damage Item Described As "Lost Profits"* ("the Lost Profits Motion")
to exclude evidence of or relating to Plaintiff's alleged damages
item described as "lost profits" totaling $16,628,853.00. (Docket
No. 231). In *Travelers' Memorandum in Support Of Its Motion In
Limine To Exclude Evidence Of Or Relating To Book Hill's Alleged
Damage Item Described As "Lost Profits"* ("Memorandum in Support of
Lost Profits Motion")*,* Defendant claims that Plaintiff's alleged
"lost profits" are "entirely and impermissibly speculative."
(Docket No. 233 at 1, 3). More specifically, Defendant argues that
the damages item should be excluded as irrelevant under Federal

Civil No. 18-1179(GMM)

Page -6-

Rules of Evidence 401 and 402 because Plaintiff cannot show that lost profits damages are foreseeable, that they were proximately caused by Defendant's denial of the insurance claim for the LONE STAR, nor can they be determined with "reasonable certainty through any admissible evidence." (Id. at 1, 7-14).

In response, Book Hill argues that its evidence of lost profits is relevant because if a jury finds that they have proven their "dolo" claim under P.R. Laws Ann. tit. 31, § § 3024, they will be eligible to recover "all damages that originate from the nonfullfilment of the obligation." Oriental Fin. Group, Inc. v. Fed. Ins. Co., 483 F.Supp.2d 161, 165 (D.P.R. 2007). Thus, Plaintiff argues, "when one proves dolo, one's damages are not limited to those that were foreseeable at the time the parties entered into the contract[.]" (Docket No. 244 at 66). Plaintiff states that "a jury would be free to award Book Hill all of the lost profits that it believes MER lost as a consequence of Travelers' bad faith," therefore evidence related to those potential damages are relevant to Book Hill's claims against Travelers. (Id. at 67). Travelers argues that Book Hill's damages claim for lost profits could not have originated from any alleged bad faith by Travelers, even if dolo is proven, and are therefore unrecoverable as a matter of law. (Docket No. 253 at 8).

Civil No. 18-1179(GMM)

Page -7-

The Puerto Rico Civil Code provides that a party's damages include not only the losses suffered as well as "the profit which the creditor may have failed to realize." Computec Sys. Corp. v. Gen. Automation, Inc., 599 F.Supp. 819, 826-28 (D.P.R. 1984) (*citing* P.R. Laws Ann., Tit. 31 Sec. 3023). Lost profit damages are "foregone future profits that were or should have been foreseeable at the time the contract was formed." Drogueria Betances, LLC v. Young Apparel Empire, Inc., No. CV 22-01362 (MAJ), 2023 WL 3408567 (D.P.R. May 12, 2023), corrected, No. CV 22-01362 (MAJ), 2024 WL 322336 (D.P.R. Jan. 29, 2024) (*citing* Total Petroleum P.R. Corp. v. Villa Caparra Esso Serv. Ctr., 16-cv-2436 (PAD/BJM), 2018 WL 6132540, at *6 (D.P.R. Oct. 30, 2018), *report and recommendation adopted sub nom.,* Total Petroleum Puerto Rico Corp. v. Fonseca-Marrero, 16-cv-2436 (PAD), 2018 WL 6131777 (D.P.R. Nov. 20, 2018)). The calculation of lost profits "must at least rest on a reasonable basis and not mere speculation or guess." Drogueria Betances, LLC, 2023 WL 3408567 at *2 (*quoting* N. Costa, LLC v. 115 Mgt., Inc., 20-cv-1468 (BJM), 2022 WL 4115634, at *8 (D.P.R. Sept. 9, 2022)).

As stated *supra* at Section I.A., the Federal Rules of Evidence set a low bar for relevance - any evidence that moves the needle in making a fact of consequence in determining the action "more or less probable than it would be without the evidence" is relevant

Civil No. 18-1179(GMM)

Page -8-

evidence. *See* Fed. R. Evid. 401. If Travelers is found to have breached its agreement with MER, it will be liable for consequential damages, including lost profits, under Puerto Rico law. *See* P.R. Laws Ann., Tit. 31 Sec. 3023. Whether foreseeability of said damages is required will depend on the jury's dolo finding. *See* P.R. Laws Ann., Tit. 31 Sec. 3024. Federal law mandates that the question of foreseeability is one for the jury. *See* <u>Diaz Irizarry v. Ennia, N.V.</u>, 678 F.Supp. 957 (D.P.R. 1988). Additionally, whether a claim "originated" from Defendant's actions is similarly a question that a jury must decide as it requires "an evaluative application of a legal standard to the facts," which may create "a reasonable difference of opinion." <u>Id.</u> Although Travelers cites evidence that calls into question whether Book Hill will be able to demonstrate foreseeability or causation as it relates to MER's lost profits, this is precisely the evidence the jury should be allowed to evaluate. Ultimately, Plaintiff's damages evidence of "lost profits" is sufficiently relevant to overcome the low bar for relevancy established by the Federal Rules.

In addition to its Rule 401 and 402 argument for exclusion, Travelers further argues that even if the court finds that Book Hill's lost profits damages evidence is relevant under Rule 401, the Court should still exclude it under Rule 403 because it

Civil No. 18-1179(GMM)

Page -9-

believes that by claiming such high damages Plaintiff is attempting to "desensitize the jury about the actual value of its case by overwhelming the jurors with a torrent of meritless damage claims by which they are induced to conclude—erroneously—that Travelers *must* have done something wrong." (Docket No. 233 at 2).

To warrant exclusion under Rule 403 of the Federal Rules of Evidence, the probative value of the evidence must be substantially outweighed by a danger of unfair prejudice to the party against whom the evidence will be presented. Here, Travelers argues that evidence of lost profits totaling over $16 million has the ability to unfairly prime the jury as to Travelers' liability and improperly inflate the cognizable damages for Book Hill's claims. *See* (Docket Nos. 233 at 2; 253 at 5-6,8). Therefore, according to Travelers, the "wildly speculative lost profits evidence carries with it the danger of unfair prejudice, misleading the jury, and confusing the issues in this case." (Docket No. 253 at 8). The Court disagrees and cannot conclude that the probative value of damages evidence—even considering the large amount claimed and the allegedly weak evidence as to causation and foreseeability—is substantially outweighed by a danger of unfair prejudice to the Defendant or risk of misleading the jury. Thus, the Lost Profits Motion at Docket No. 231 is **DENIED.**

Civil No. 18-1179(GMM)

Page -10-

B.    <u>Resolve</u>

Travelers' *Motion in Limine to Exclude Book Hill's Alleged Damage Item Described as "Resolve"* ("Resolve Motion") and its accompanying *Memorandum*[15] ("Memorandum in Support of Resolve Motion") urges the Court to prevent any evidence of the alleged damages item totaling $2,505,983.00 to be raised at trial or *voir dire*. *See* (Docket Nos. 209; 210). According to evidence cited from Book Hill's damages expert's report, the value of this damages item included the parties' *Joint Proposed Pretrial Order* at Docket No. 176 is the sum of expenses labeled "Resolve Contract", "Work Performed by MER", and "Cost of Security". *See* (Docket No. 196-2 at 38-40; Schedule 3 and Schedule 4 of the Expert Report of Robert W. Carter). The Resolve Motion focuses on the first subsumed expense, "Resolve Contract." *See* (Docket No. 209). The remainder of the alleged damages included in this line item are discussed *infra* at Sections III. C. and D.

Travelers argues the undisputed facts demonstrate that MER's pollution insurer, Starr Indemnity and Liability Company ("Starr"), not MER, paid wreck removal contractor Resolve on MER's behalf in satisfaction of each invoice issued. As such, Travelers contends that Book Hill cannot claim those damages because they were not borne by MER. Travelers, therefore, asks the Court to

---

[15] *Travelers' Memorandum in Support Of its Motion in Limine to Exclude Evidence of Or Relating To Book Hill's Alleged Damage Item Described as "Resolve".*

Civil No. 18-1179(GMM)

Page -11-

find the evidence related to the amounts invoiced by Resolve to be irrelevant and inadmissible under Fed R. Evid. 401 and 402, or to alternatively exclude the evidence under Fed. R. Evid. 403 because it would "confuse and mislead the jury, waste time, and cause undue delay." (Docket No. 210 at 1).

Before addressing Travelers' admissibility arguments, the Court will first address Book Hill's first rebuttal argument that the Court already ruled on this issue in its Opinion and Order at Docket No. 162. In *Travelers Property Casualty Company of America's Motion for Summary Judgment and Memorandum Of Law In* Support ("Motion for Summary Judgment"), Travelers argued that the "cover elsewhere" clause of the P&I Policy prevented MER recovering under the policy because Starr had already provided coverage. *See* (Docket No. 120 at 8-10). The Court denied the Motion for Summary Judgment on this issue because Starr had provided pollution coverage under reservation of rights and later moved for reimbursement. *See* (Docket No. 162 at 58). Although the Court did not agree that Travelers could escape liability through the "cover elsewhere" clause, that is not to say that Book Hill must not still show that the damages it claims were actually borne by MER. Therefore, the Court may continue to resolve this issue on the merits as it is a distinct argument from that addressed during the summary judgment stage.

Civil No. 18-1179(GMM)

Page -12-

Travelers first argues for exclusion of evidence for the damages item described as "Resolve" on the basis of irrelevance and inadmissibility under Fed. R. Evid. 401 and 402. Specifically, Travelers points to evidence of Starr's payments in fulfilment of Resolve's invoices for wreck removal services to argue that these costs were never actually borne by MER. *See* (Docket No. 210-1,2,3). Because MER never paid anything to Resolve, Travelers argues that Book Hill cannot pursue a "double recovery" of damages it did not incur. Conversely, Book Hill argues that although Starr paid Resolve in full for the removal of the LONE STAR, it did so under a reservation of right and later sought reimbursement from MER for those expenses in litigation and bankruptcy proceedings. *See* (Docket No 244 at 43-44). Book Hill does not mention, as Travelers points out, that the ultimate settlement reached between Starr and MER resulted in Starr being awarded $793,500.00 from the sale of the SEVEN POLARIS during the Chapter 11 case. On this basis, Travelers concedes that, at best, Book Hill may seek damages for $793,500.00, the actual cost suffered by MER with respect to expenses originally paid by its pollution insurer. *See* (Docket No. 253 at 15).

As discussed, under Puerto Rico law, breach of contract damages are those which are "foreseen or which may have been foreseen, at the time of constituting the obligation, and which

Civil No. 18-1179(GMM)

Page -13-

may be a necessary consequence of its nonfulfillment." Puerto Rico
Tel. Co. v. SprintCom, Inc., 662 F.3d 74, 99 (1st Cir. 2011)
(*citing* P.R. Laws Ann. tit. 31, § 3024). If Plaintiff proves "dolo"
or bad faith, in the performance of a contract, Defendant "shall
be liable for all those [losses and damages] which clearly may
originate from the nonfulfillment of the obligation." P.R. Laws
Ann. tit. 31, § 3024. As such, Plaintiff may only recover costs
and losses it incurred due to Defendant's breach – and none that
it did not incur at all. The amount Starr paid beyond what was
ultimately reimbursed by MER is irrelevant, even under the "low
bar" of Fed. R. Evid. 401, to an argument of damages for Travelers'
alleged breach. Thus, Book Hill may only present evidence to
support those damages for wreck removal actually endured by MER.
Further, the Court finds that there is no risk of unfair prejudice
to Travelers for Book Hill to present damages evidence as to the
amount reimbursed to Starr for its wreck removal payments to
Resolve. The Resolve Motion at Docket No. 209 is **GRANTED IN PART**.

C.    MER Assistance to Resolve

      Defendant filed *Travelers' Motion In Limine To Exclude
Evidence Of Or Relating To Book Hill's Alleged Damage Item
Described As "MER assistance to Resolve"* (MER Assistance to Resolve

Civil No. 18-1179(GMM)

Page -14-

Motion) and an accompanying *Memorandum*[16] ("Memorandum in Support of MER Assistance to Resolve Motion") for damages totaling $336,881.00. (Docket Nos. 211; 212). These damages are based on costs incurred by MER pursuant to a Service Agreement between MER and Starr in which MER provided wreck removal services alongside Resolve for which it would be paid by Starr up to a maximum of $300,000. *See* (Docket No. 212 at 3). Starr later paid MER for $177,359.80 of the $293,502 MER billed to Starr. *See* (Docket No. 212-4).

Book Hill argues first that the Court has already addressed the issue of double recovery in its Opinion and Order denying Defendant's arguments. (Docket No. 244 at 47). As discussed *supra* at Section II.B., the Court found there were issues of material fact as to whether the "cover elsewhere" clause allowed Travelers to escape liability for any costs to MER. *See* (Docket No. 162 at 58). It was not determined at the summary judgement stage that Travelers would be prevented from contesting the relevance of Book Hill's damages evidence.

Travelers argues that Book Hill's damages for "MER Assistance to Resolve" represent damages incurred under a contract to which Travelers was not a party and are thus not recoverable or relevant

---

[16] *Travelers' Memorandum in Support Of its Motion in Limine to Exclude Evidence of Or Relating To Book Hill's Alleged Damage Item Described as "MER Assistance to Resolve".*

to the present case. (Docket No. 212 at 5-7). In response, Book
Hill argues that a jury may determine that Plaintiff is entitled,
due to its "dolo" claim, to recover "all damages that Travelers in
its bad faith caused[,]" in which case the damages would not
subject to a presumptive damages cap. (Docket No. 244 at 44).
Whether there were costs borne by MER that could be found to have
"originate[d] from the nonfulfillment of [Travelers] obligation,"
is a question for the jury to determine. *See supra* at Section II.A.
Evidence of services performed in assistance of wreck removal for
which MER was not paid are relevant to the jury's damages
determination and therefore should not be excluded under Fed. R.
Evid. 401 and 402. The Defendant will be able to present evidence
to rebut Book Hill's damages claim, including the evidence
discussed by Travelers pertaining to a sum of $177,359.80 already
paid to MER by Starr under their services contract. *See* (Docket
No. 212 at 7-8).

    Travelers also cites Fed. R. Evid. 403 as ground to exclude
the damages item described as "MER Assistance to Resolve." *See*
(Docket No. 212 at 2,5). Book Hill points out, however, that aside
from a passing reference to Rule 403, Travelers does not make any
further arguments to support its contention that the probative
value of Book Hill's damages evidence as to this item is
substantially outweighed by a risk of unfair prejudice, confusing

Civil No. 18-1179(GMM)

Page -16-

the issues, or misleading the jury. In its Omnibus Reply at Docket No. 253, Travelers presents a 403 argument for the first time, stating that Starr's determination of whether MER's expenses were reimbursable under their agreement posed a risk of unfair prejudice. *See* (Docket No. 253 at 18). As the party opposing admission, Travelers has not met its burden to show "that the probative value is *substantially outweighed* by the danger of *unfair prejudice.*" *See* <u>United States v. Tse</u>, 375 F.3d 148, 164 (1st Cir. 2004) (emphasis supplied); Fed. R. Evid. 403. The Court therefore denies exclusion of the evidence on those grounds.

Finally, Travelers points out that the value of the alleged damage item labeled "MER Assistance to Resolve" in the parties *Joint Proposed Pretrial Order* is already claimed within the damages items described as "Resolve" in that same *Joint Proposed Pretrial Order*. *See* (Docket No. 176 at 5); *see also* (Docket No. 202-1,2) (A true and correct copy of Schedule 3 and Schedule 4 of Robert Carter's November Report). In its Omnibus Opposition, Book Hill does not dispute this. *See* (Docket No. 244). The Court shall strike from use at trial the damages item labeled "MER Assistance to Resolve" to the extent it is duplicative and the value for the alleged damages item is already included in the line item labelled "Resolve." Thus, the MER Assistance to Resolve Motion at Docket No. 211 is **GRANTED IN PART.**

Civil No. 18-1179(GMM)

Page -17-

D. Security for Resolve

Travelers' *Motion in Limine to Exclude Book Hill's Alleged Damage Item Described as "Security for Resolve"* ("Security for Resolve Motion") and its accompanying *Memorandum*[17] ("Memorandum in Support of Security for Resolve Motion") urges the Court to strike this alleged damages item totaling $85,802.00 and prevent any such evidence to be raised at trial or *voir dire*. *See* (Docket Nos. 201; 202). Travelers argues that the damages item should be excluded because it is irrelevant and inadmissible, unfairly prejudicial, and duplicitous.

Travelers claims that damages evidence related to "Security for Resolve" is irrelevant and inadmissible under Fed. R. Evid. 401 and 402 because the expense is unrecoverable as a matter of law. Specifically, Travelers avers that the cost of security at the site of the LONE STAR's sinking at Roosevelt Roads was "an existing cost MER had for doing business at Roosevelt Roads, regardless of whether the LONE STAR was afloat or under water[,]" and that security expenses "had nothing to do with the events giving rise to this suit." (Docket No. 202 at 2).

Book Hill argues that these potential damages are relevant because if a jury agrees that Travelers acted in bad faith in

---

[17] *Travelers' Memorandum in Support Of Its Motion In Limine To Exclude Evidence Of Or Relating To Book Hill's Alleged Damage Item Described As "Security for Resolve".*

Civil No. 18-1179(GMM)

Page -18-

denying MER's insurance claim in violation of the PR "dolo" statute, then those damages resulting from Travelers' actions will be recoverable. (Docket No. 244 at 22). Book Hill claims that it will present evidence at trial through the testimony of MER's corporate designee, Lawrence Khan, that will lead the jury to find that the security costs for wreck removal originated from Travelers' actions. As previously stated, the Court agrees that the issues of determining "dolo" and causation for damages is within the purview of the jury. *See supra* at Section II.A. On the arguments presented in its Security for Resolve Motion and subsequent responses, the Court cannot find that evidence of damages related to security for Resolve is irrelevant and therefore inadmissible under Fed. R. Evid. 401 and 402.

Travelers argues in the alternative that if the Court finds the evidence relevant it should nonetheless exclude its use at trial for unfair prejudice under Fed. R. Evid. 403. Book Hill argues, and the Court agrees, that Travelers has not adequately argued or advanced reasons why the evidence at issue in this particular motion should be excluded under the Rule.

Lastly, Travelers points out that this alleged damage item labeled "Security for Resolve" in the parties *Joint Proposed Pretrial Order* is the same amount claimed within the damages items described as "Resolve" in that same *Joint Proposed Pretrial Order*.

Civil No. 18-1179(GMM)

Page -19-

*See* (Docket No. 176 at 5); *see also* (Docket No. 202-1,2 (A true and correct copy of Schedule 3 and Schedule 4 of Robert Carter's November Report). Book Hill does not dispute this. *See* (Docket No. 244). The Court shall strike from use at trial the damages item labeled "Security for Resolve" to the extent it is duplicative and the value for the alleged damages item is already included in the line item labelled "Resolve." Thus, the Security for Resolve Motion at Docket No. 201 is **GRANTED IN PART.**

E.  7P Mortgage Interest

Travelers' *Motion in Limine to Exclude Book Hill's Alleged Damage Item Described as "7P Mortgage Interest"* ("Mortgage Interest Motion") and its accompanying *Memorandum*[18] ("Memorandum in Support of Mortgage Interest Motion") urges the Court to strike this alleged damage item totaling $499,200.00 and prevent any such evidence to be raised at trial or *voir dire. See* (Docket Nos. 203; 204). Travelers argues that the damages item should be excluded because MER did not suffer any damages related to interest on the mortgage of the SEVEN POLARIS vessel, therefore any statement stating so is irrelevant, inadmissible, and unfairly prejudicial.

Travelers argues that damages described as "7P Mortgage Interest" are irrelevant and inadmissible under Fed. R. Evid. 401

---

[18] *Travelers' Memorandum in Support Of Its Motion In Limine To Exclude Evidence Of Or Relating To Book Hill's Alleged Damage Item Described As "7P Mortgage Interest".*

Civil No. 18-1179(GMM)

Page -20-

and 402 because there it was specifically agreed between MER and
Starr that the mortgage offered on the SEVEN POLARIS bore no
interest obligation, "let alone interest at a rate of 8%." (Docket
No. 204 at 1). In response, Book Hill claims that: (1) a finding
of dolo would allow Book Hill to recover this expense if shown
that it originated from Travelers conduct; and (2) the damages
item does not reflect interest paid to Starr, but "the
approximation of the amount that MER lost when it had to
collateralize one of its most significant assets so that star would
remove the wreck after Travelers walked away from coverage without
so much as a denial." (Docket No. 244 at 29-30).

     Book Hill's "point of clarification," however, is in direct
conflict with the explanation for the calculation of these damages
as stated by Book Hill's own damages expert, Robert Carter:
"According to MER, Starr required MER to Mortgage the SEVEN POLARIS
for $3,00,000 with an interest rate of 8 percent per annum. This
resulted in interest expenses of $499,200." (Docket No. 296-2 at
16). Book Hill now concedes that it does *not* have a right to claim
interest of 8% per annum on the $3,000,000 mortgage on the SEVEN
POLARIS. *See* (Docket No. 244 at 30). As such, any evidence of
interest incurred on the $3,000,000 mortgage of the SEVEN POLARIS
will be excluded from trial in this case. Thus, the Mortgage
Interest Motion at Docket No. 203 is **GRANTED**.

Civil No. 18-1179(GMM)

Page -21-

F.  <u>Initial Wreck Removal</u>

Travelers' *Motion in Limine to Exclude Book Hill's Alleged Damage Item Described as "Initial Wreck Removal"* ("Initial Wreck Removal Motion") and its accompanying *Memorandum*[19] ("Memorandum in Support of Initial Wreck Removal Motion") urges the Court to prevent any evidence of the alleged damages item totaling $180,361.00 to be raised at trial or *voir dire*. *See* (Docket Nos. 205; 206). Travelers' claims that the damages item should be excluded because the "pollution-related expenses are not relevant to any claim in this litigation." (Docket No. 206 at 1).

Travelers argues that the damages item at issue is irrelevant and inadmissible under Fed. R. Evid. 401 and 402. According to Travelers, the expenses included in this damages item are for *pollution* expenses incurred either voluntarily by MER or at the direction of MER's pollution insurance carrier, Starr. *See* (Docket No. 206 at 5-6). In response, Book Hill points out that the Court, during the summary judgement stage, already identified apportionment of losses between wreck removal and pollution related expenses as an issue for the jury:

> "Furthermore, even if the parties intended for the pollution exclusion to apply only to those portions of the losses that could be attributed to pollution, the Court is in no position to assess what portion of the

---

[19] *Travelers' Memorandum in Support Of Its Motion In Limine To Exclude Evidence Of Or Relating To Book Hill's Alleged Damage Item Described As "Initial Wreck Removal".*

Civil No. 18-1179(GMM)

Page -22-

> losses could be attributed to wreck removal. These are
> issues best left to the jury. . ."

(Docket No. 162 at 27-28). As such, the Court will not entertain
further arguments on the merits regarding this damages item. The
Court further finds that it is the duty of the jury to make this
determination, and the evidence presented is not sufficiently
prejudicial or confusing as to deprive them of evidence necessary
to make an informed damages determination. Thus, the Initial Wreck
Removal Motion at Docket No. 205 is **DENIED.**

G. Atlantic Marine Association

Travelers' *Motion in Limine to Exclude Book Hill's Alleged
Damage Item Described as "Atlantic Marine Association"* ("AMA
Motion") and its accompanying *Memorandum*[20] ("Memorandum in Support
of AMA Motion") asks the Court to prevent any evidence of the
alleged damages item totaling $115,725.00 to be raised at trial or
*voir dire*. *See* (Docket Nos. 207; 208). Travelers argues that the
damages item should be excluded because MER's decision to retain
a surveyor from the Atlantic Marine Association ("AMA") was a
response related to Starr's reservation of rights, not Travelers'.
*See* (Docket No. 208 at 4). Thus, if the expense was unrelated to
Travelers' actions, then any evidence related to such expenses are

---
[20] *Travelers' Memorandum in Support Of Its Motion In Limine To Exclude Evidence
Of Or Relating To Book Hill's Alleged Damage Item Described As "Atlantic Marine
Association".*

Civil No. 18-1179(GMM)

Page -23-

"of no consequence to this litigation and should not be admitted at trial." (Id. at 4).

In its Omnibus Opposition, Book Hill argues that "it will be for the jury to decide if MER's voluntary payments to [AMA] originated from Travelers' failure to cover the LONE STAR wreck removal claim[,]" thus making the expense recoverable in the event the jury also finds Travelers acted with "dolo/bad faith[.]" (Docket No. 244 at 39). The Court agrees that the extent to which the expenses related to the sinking of the LONE STAR can be attributable to Travelers' failure to cover the claim is a matter for the jury. See *supra* at Section II.A. Further, Travelers has not demonstrated that the evidence of potential damages will create a danger of undue prejudice or confusion for the jury so to justify exclusion under Fed. R. Evid 403.

Additionally, Travelers argues that Book Hill should be limited to presenting evidence, if any, related to this damages claim only as to $32,295.60, which amounts to the cost of the AMA surveyor minus the amount AMA claimed in Book Hill's New Jersey Bankruptcy proceeding. (Docket No. 208 at 5; 208-5 at 2). Book Hill's response points out that AMA remains a creditor in MER's bankruptcy, and the Trustee has retained an interest in this litigation in order to satisfy such creditors. *See* (Docket No. 244 at 40). Thus, Book Hill states that MER still owes the full amount

Civil No. 18-1179(GMM)

Page -24-

to AMA, regardless of any amount already paid. (Id.). The Court is persuaded that the amount paid and owed by MER for the services of the AMA surveyor will be relevant to the jury's determination of damages, if any, that resulted from Travelers' actions. As such, the AMA Motion at Docket No. 207 is **DENIED.**

H.   Attorney's Fees

      Travelers' *Motion in Limine to Exclude Book Hill's Alleged Damage Item Described as "Attorney's Fees"* ("Attorney's Fees Motion") and its accompanying *Memorandum*[21] ("Memorandum in Support of Attorney's Fees Motion") asks the Court to prevent any evidence of the following alleged damages items to be raised at trial or *voir dire*: "Legal Costs (During Wreck Removal)" totaling $10,908.00; "Defense v. Starr and Travelers" totaling $1,517,867.00; and "Bankruptcy Legal Fees" totaling $1,919,719.00. *See* (Docket Nos. 229; 230). Travelers argues that these damages items should be excluded because evidence of such damages are irrelevant and inadmissible, and if admitted would confuse and mislead the jury, waste time, and cause undue delay in violation of Rules 401, 402, and 403 of the Federal Rules of Evidence. (Docket Nos. 229; 230).

---

[21] *Travelers' Memorandum in Support Of Its Motion In Limine To Exclude Evidence Of Or Relating To Book Hill's Alleged Damage Item Described As "Attorney's Fees".*

Civil No. 18-1179(GMM)

Page -25-

Travelers argues that under general maritime law disputes are governed by "the American [R]ule that absent a statutory provision or a contractual right, there is no legal right to attorney's fees, and both parties must bear their own costs." (Docket No. 230 at 3) (*citing* Certain Underwriters at Lloyd's Syndicate 1206 v. Diaz-Olmo, 12-1693 (JAF), 2013 U.S. Dist. LEXIS 108182, at *4 (D.P.R. Jul. 13, 2013). Further, the three exceptions to the American Rule, "statutory authority, contractual terms, and 'bad faith[,]'" do not apply in this instance. *See* (id.) (*citing* Templeman v. Chris Craft Corp., 770 F.2d 245, 250 (1st. Cir. 1985)). Book Hill argues that because it has alleged dolo/bad faith, and if a jury finds that Travelers acted in dolo/bad faith, Book Hill will be entitled to "recover all damages that originate from the nonfulfillment of the obligation", including attorney's fees incurred due to Travelers actions. (Docket No. 244 at 65). The Court agrees and does not find the authority cited by Travelers to have any bearing on the admissibility of the alleged damages at issue here.

In Underwriters, the Plaintiffs sought attorneys' fees incurred defending against that litigation, not fees incurred in a separate litigation that a party claimed to occur as a consequence of the defendant's actions. *See* Underwriters, 2013 U.S. Dist. LEXIS 108182, at *4. Although the Court in Underwriters found that a Puerto Rico commonwealth law allowing for attorneys'

Civil No. 18-1179(GMM)

Page -26-

fees was inapplicable in an action cognizable in admiralty, it did not contemplate the type of damages alleged by Book Hill. *See* id. Similarly, the First Circuit in the Templeman case excluded attorney's fees from Plaintiffs recoverable expenses under a similar theory. *See* Templeman, 770 F.2d at 250. Thus, the application of the American Rule in these cases does not map onto the claims before the Court here. Notably, Travelers acknowledges that Book Hill has not made any claims to recover attorney's fees incurred litigating the present case.

In addition to its maritime law argument, Travelers also claims that the attorney's fees Book Hill claims as damages are not recoverable because Book Hill will not be able to show that the fees causally resulted from of Travelers' actions. (Docket No. 230 at 4-5). The credibility of Book Hill's damages arguments and the question of causation, as discussed *supra* at Section II.A., are determinations this Court will leave to the jury. Thus, nothing in Travelers' Attorney's Fees Motion has convinced the Court that the alleged damages are irrelevant and inadmissible under the Federal Rules of Evidence.

Finally, Travelers claims that to introduce evidence of the expenses incurred by MER in its litigation with Starr and its Bankruptcy proceedings will confuse and mislead the jury and present unfair prejudice against Travelers. *See* (Docket No. 230 at

Civil No. 18-1179(GMM)

Page -27-

12-13). As similarly concluded with respect to Book Hill's other damages items, the Court does not see the dispute as to the damages Book Hill may potentially recover as being too confusing, misleading, or prejudicial to withhold such evidence from the jury and usurp its role in making a damages determination. The Attorney's Fees Motion at Docket No. 229 is **DENIED**.

### III. CONCLUSION

For the foregoing reasons:

Defendant's *Motion in Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "Lost Profits"* at Docket No. 231 is **DENIED**.

Defendant's *Motion in Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "Resolve"* at Docket No. 209 is **GRANTED IN PART**.

Defendant's *Motion in Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "MER Assistance to Resolve"* at Docket No. 211 is **GRANTED IN PART**.

Defendant's *Motion in Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "Security for Resolve"* at Docket No. 201 is **GRANTED IN PART**.

Defendant's *Motion in Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "7P Mortgage Interest"* at Docket No. 203 is **GRANTED**.

Civil No. 18-1179(GMM)

Page -28-

Defendant's *Motion in Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "Initial Wreck Removal"* at Docket No. 205 is **DENIED.**

Defendant's *Motion in Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "Atlantic Marine Association"* at Docket No. 207 is **DENIED.**

Defendant's *Motion in Limine to Exclude Evidence of or Relating to Book Hill's Alleged Damage Item Described as "Attorney's Fees"* at Docket No. 229 is **DENIED.**


IT IS SO ORDERED.

In San Juan, Puerto Rico on December 4, 2024.

s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
United States District Judge
